WM. E. PECK & CO., Inc., v. LOWE, Collector.

(District Court, S. D. New York.   June 1, 1916.)

COMMERCE ☞77—INCOME TAXES—EXPORTATION—"INCOME."
    The Income Tax Law, in so far as it imposes taxes upon income resulting from exportation of goods and sale in foreign countries, is not invalid as imposing a tax on exports; the exportation being complete before the income, which presupposed a successfully completed transaction, arises for taxation.

    [Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 61–70; Dec. Dig. ☞77.

    For other definitions, see Words and Phrases, First and Second Series, Income.]

At Law.   Action by William E. Peck & Co., Incorporated, against John Z. Lowe, Jr., Collector.   On motion by both parties for directed verdict.   Verdict directed for defendant.

John C. Spooner and Charles P. Spooner, both of New York City, for plaintiff.

Earl B. Barnes, Asst. U. S. Atty., of New York City, for defendant.

HOUGH, District Judge.   Plaintiff is engaged in buying goods in the United States, and selling them largely to foreigners, making deliveries abroad.   Having been taxed upon its corporate income from all sources, it sues to recover that proportion of the tax, compulsorily paid, which its foreign business bears to its whole trade, upon the ground that a tax on income derived from the profitable sale of exported articles is a tax on the articles so exported, and therefore unconstitutional.

It will be assumed (but not held) that the sixteenth amendment does not affect the matter, which is therefore to be decided in the light of a long line of cases of which Thames & Mersey, etc., Co. v. United States, 237 U. S. 19, 35 Sup. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087, is the latest.   No elaborate review of decisions will be attempted.   Such temptations, in constitutional matters, are to be resisted by trial courts, whose decisions thereon may interest the writers, but have no other importance.

Constitutional inquiries are political rather than legal.   The fundamental law is not to be interpreted like a statute.   The only decision worth having is that of the tribunal whose singular duty it is, under legal forms, either to finally withdraw some matter from political action, or precipitate constitutional amendment, according to the acceptance or popularity of the judgment, not among bar and bench, but with the men in the street.   The only justifiable exception to this rule of reticence arises when is presented a glaring instance of invaded private right, demanding instant action to redress patent wrong.   This is not such a case.

A recent commentator on the decisions most relied upon by plaintiff (Fairbank v. United States, 181 U. S. 283, 21 Sup. Ct. 648, 45

L. Ed. 862, United States v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286, and Thamas & Mersey, etc., Co. v. United States, supra) thus summarizes them:

"Any governmental burden which affects in any way the processes of exportation is unconstitutional and void."

This expresses my view of their result, and it is as far as the Supreme Court has definitely gone in identifying the substance exported with its accidents, attributes, and adjuncts. How far the process will go cannot be foreseen. I shall go further only under compulsion. At present it is held by still ruling cases, that taxation which anticipates exportation is not within the constitutional prohibition (e. g., Cornell v. Coyne, 192 U. S. 418, 24 Sup. Ct. 383, 48 L. Ed. 504). Obviously general taxation on production may discourage exports, yet that gives no relief as to articles intended for foreign parts. By the same reasoning, profits or income from exports should be taxable, because subsequent to the act of export. Income or profit presupposes a successfully completed transport. It is no part of the act of exportation, though it may be said to be a result thereof. Similarly the fact that taxation of the fruits of exportation may discourage business quite as much as anticipatory taxation on the goods transported is immaterial.

Against all this are presented the numerous opinions holding that a tax on a salary is on the office producing it (Collector v. Day, 11 Wall. 113, 20 L. Ed. 122), that a tax on the receipts from interstate commerce is a tax on the commerce itself (Phila., etc., Co. v. Pennsylvania, 122 U. S. 326, 7 Sup. Ct. 1118, 30 L. Ed. 1200), and the like. Such decisions usually describe themselves as busied in piercing through form to substance. They are even more logically viewed as seeking a definition of the subject of prohibition, and then laying down what in patent law is called its "range of equivalents."

Under the constitutional clause here to be considered, we must find equivalence between the articles exported and the processes or incidents of the act of exportation or transport. But protection begins with that act, and must end with its completion, because the act is the subject of the constitutional prohibition. After export, profits come, and taxation with them.

Verdict directed for defendant.